**In re CORAM HEALTHCARE CORP. and Coram, Inc., Debtors.**

**No. 00–3299 (MFW).**

United States Bankruptcy Court, D. Delaware.

May 10, 2007.

Deborah E. Spivack, Richards, Layton & Finger, Etta Rena Wolfe, Smith Katzenstein & Furlow LLP, Kenneth E. Aaron, Weir & Partners LLP, Laura Davis Jones, Pachulski, Stang, Ziehl Young, Jones & W, Rachel Lowy Werkheiser, Pachulski, Stang, Ziehl, Young & Jones, Wilmington, DE, Lisa Hill Fenning, Dewey Ballantine LLP, Los Angeles, CA, for Debtors.

Hedlund Hanley Koenigsknecht & Trafelet, John B. York, Weir & Partners LLP, Michael Jason Barrie, Schnader Harrison Segal & Lewis LLP, Wilmington, DE, Salene R. Mazur, Weir & Partners LLP, Philadelphia, PA, for Trustee.

Shannon Stacy Frazier, Richards, Layton & Finger, Etta Rena Wolfe, Smith Katzenstein & Furlow LLP, Russell C. Silberglied, Richards, Layton & Finger, Kimberly D. Newmarch, Richards, Layton & Finger, Wilmington, DE, for Creditor Committee.

### *MEMORANDUM OPINION*[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion for summary judgment of Arlin M. Adams, chapter 11 Trustee (the "Trustee"), seeking disallowance of the claim of Stefania Eskridge ("Eskridge"). For the reasons dis-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter by Rule 9014(c).

cussed below, the Court will grant the Motion and disallow the claim.

## I.  BACKGROUND

On August 8, 2000, Coram Healthcare Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 2, 2000, Eskridge filed a proof of claim for certain unpaid wages in the total amount of $84,230.55 (of which $3,461.55 was asserted to be a priority claim). Eskridge's claim is based on the allegation that she was under-compensated for work she performed as an office manager for the Debtor from 1997 through 2000. On March 23, 2001, the Debtor filed a Second Omnibus Objection to certain proofs of claims, including Eskridge's claim. Eskridge filed a response to the objection on April 5, 2001.

On March 7, 2002, the Court approved the appointment of the Trustee. On November 1, 2004, the Court granted confirmation of the Trustee's Second Amended Joint Plan of Reorganization and it became effective December 1, 2004.

On February 23, 2007, the Trustee filed a Motion for summary judgment seeking disallowance of Eskridge's claim. Eskridge opposed the Motion. Briefing is complete and the matter is now ripe for decision.

## II.  JURISDICTION

The Court has subject matter jurisdiction over this proceeding. 28 U.S.C. §§ 1334(b) & 157(b)(1). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (B).

## III.  DISCUSSION

### A.  Standard of Review

The Court should grant a summary judgment motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant must establish that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Facts that may affect the outcome of a suit are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995).

All facts are viewed and all reasonable inferences are drawn "in the light most favorable" to the non-movant. *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). "[T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*'." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Id.*

### B.  Trustee's Motion for Summary Judgment

The Trustee argues that he is entitled to summary judgment because Eskridge has no legally cognizable claim. The Debtor paid Eskridge all compensation that it had agreed to pay her. Her claim is for retroactive payment of additional compensation over the amount she was paid, based on the estimated value of the services she performed for the Debtor. The Debtor never agreed to that additional compensation for her services.

The facts are not in dispute. On May 12, 1997, Eskridge entered into an at-will employment agreement with the Debtor. (Deposition of Eskridge, Exhibit 5.) On or about June 9, 1997, Eskridge commenced

employment with the Debtor at its Denver headquarters, as the administrative assistant to the vice president of human resources. (*Id.* at 14.) Eskridge's starting salary was $32,000. (*Id.* at 20.) In July 1997, Eskridge claims she began performing additional duties and assumed the title of office manager. (*Id.* at 15.) Eskridge was eventually given the title of manager of administrative services and began performing the additional duties of the human resources representative for Denver corporate employees. (*Id.* at 16.) Throughout the years, Eskridge received various incremental salary raises and bonuses. At the time of her deposition, her annual salary at was approximately $68,000. (*Id.* at 21 & Amendment to Deposition.) Eskridge's employment was terminated on or about January 30, 2007.

The basis for Eskridge's request for retroactive payment of additional compensation is her claim that, when she started performing the duties of office manager, she was not receiving the level of compensation that office managers receive on average in the market. (*Id.* at 50.) In short, Eskridge claims that the Debtor underpaid her in the approximate amount of $20,000 per year. Although Eskridge requested a salary increase in 1998, the Debtor did not agree to increase her salary to the level requested. In fact, Eskridge admits that the Debtor never agreed to pay her the sums she is requesting now. (*Id.* at 38–43, 50.) She further admits that the Debtor had the right to deny her requests for a raise in salary and to pay her whatever it wanted. (*Id.* at 41.) She also admits that she continued to work for the Debtor at the salary the Debtor set (and was paid that salary). (*Id.* at 50.)

Therefore, the Court concludes that Eskridge has established no basis for her claim. As an at-will employee, she has no legal right to any more compensation than the Debtor agreed to pay her. Accordingly, the Court will grant summary judgment in the Trustee's favor and disallow the claim for retroactive payment of compensation.

## IV. *CONCLUSION*

For the foregoing reasons, the Court concludes that no genuine issue of material fact exists and there is no legal basis to support Eskridge's entitlement to payment of retroactive compensation. Consequently, the Court will grant summary judgment in favor of the Trustee and disallow the claim of Stefania Eskridge.

An appropriate Order is attached.

### *ORDER*

**AND NOW**, this **10th** day of **May, 2007**, after consideration of the Motion for summary judgment of Arlin M. Adams, Trustee, seeking disallowance of the claim of Stefania Eskridge and the opposition of the claimant thereto, it is hereby,

**ORDERED** that the Motion for summary judgment is **GRANTED**, it is further;

**ORDERED** that claim number 513 filed by Stefania Eskridge in the total amount of $84,230.55 is **DISALLOWED** in its entirety.